UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANGEL CHAPMAN,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JOEL ROSENTHAL (SHIELD 23138), POLICE
OFFICER CATHRYN DAVILIA, POLICE
OFFICERS JOHN DOE 1 through 3, individually and
in their official capacities (the name John Doe being
fictitious, as the true names are presently unknown,

                                   Defendants.
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 2370 (CBA)(ALC)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about May 17, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **WHEREAS,** plaintiff ANGEL CHAPMAN has authorized his counsel to settle this matter on the terms enumerated below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.     The above-referenced action is hereby dismissed against the defendants, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff, ANGEL CHAPMAN, the sum of FIVE THOUSAND DOLLARS ($5,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action, from the beginning of the world to the day of the date of the General Release, including all claims for costs, expenses, and attorney's fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2011

Robert Marinelli, Esq.
Law Office of Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007

By: _____
  Robert Marinelli, Esq.
  Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Rm. 3-173
New York, New York 10007

_____
Jenny Weng
Assistant Corporation Counsel

SO ORDERED:

_____
HON. CAROL B. AMON
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
_____, 2011